FILED

Aina Dumlao and Bru Muller
3450 W. Cahuenga Blvd., # 510
Los Angeles, CA 90068
Phone: 323-844-3553
E-Mail: ca.microsoft.123@gmail.com
*Plaintiffs, In Propria Persona*

2025 JAN 31 PM 3: 22

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: GSA

PAID

JAN 3 1 2025

CLERK, U.S. DISTRICT COURT
COURT 4612

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | | |
|---|---|---|
| **BRU MULLER,** | § | **Case Number:** |
| **AINA DUMLAO,** | § | 2:25cv00869FMO-(KeSx) |
| | § | |
| Plaintiffs, | § | **ORIGINAL COMPLAINT** |
| | § | **AND JURY DEMAND** |
| v. | § | |
| | § | |
| **JOSEPH EVARISTO,** an individual, | § | |
| | § | |
| **CATHERINE EVARISTO,** an individual, | § | |
| | § | |
| **JOSEPH EVARISTO, AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016,** | § | |
| | § | |
| **CATHERINE EVARISTO, AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016,** | § | |
| | § | |
| **DOES 1 TO 20,** | § | |
| | § | |
| Defendants. | § | |
| | § | |

**NOW COME** the Plaintiffs, Aina Dumlao and Bru Muller, complaining against the above indicated Defendants, both severally and collectively, in reference to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-68, and, in support thereto, aver as follows:

## I.
## JURISDICTION

1. Jurisdiction is proper in this court pursuant to 18 U.S.C. § 1964(c). Venue in the United Sates District Court, Central District of California, Western Division, is proper pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391 because the Defendants are subject to personal jurisdiction in this judicial district and reside in this district.

## II.
## PARTIES

2. Plaintiffs, Aina Dumlao and Bru Muller, are natural persons residing in Los Angeles, California. Hereinafter, collectively, said Plaintiffs shall be referred to as the "Instant Plaintiffs."

3. Defendants, holding themselves to be Joseph Evaristo and Catherine Evaristo, are natural persons residing in the State of California. Said parties also allege themselves to be Trustees of The Evaristo Family Trust, Dated May 4, 2016, and they are being sued in this capacity, as well, in the instant action. Hereinafter, these said four

defendant parties shall be referred to, collectively, as the Instant Defendants. The conspiracy, alleged in this Original Complaint, is one such that the co-conspirators are these said "Instant Defendants."

4. Although the attorneys, who have represented the Instant Defendants, may be found, upon further examination of the evidence, to be co-conspirators in the RICO violations elucidated herein, that notwithstanding, the Plaintiffs have, at this time, exercised their prerogatives not to name said attorneys as defendants in this action. As per the Ninth Circuit Court Of Appeals:

"A plaintiff need not sue all conspirators; he may choose to sue but one. (See *Karseal Corp. v. Richfield Oil Corp.*, 9 Cir., 1955, 221 F.2d 358). " *Walker Distrib. Co. v. Lucky Lager Brewing Co.*, 323 F.2d 1, 8 (9th Cir. 1963)

### III.
### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

**The following comprise the factual allegations common to all counts:**

### *Enterprise*

18 U.S. Code § 1961(4) defines an enterprise as "any individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity."

The conspirators need not have agreed to commit or facilitate each and every part of the substantive offense. *Howard,* 208 F.3d 741, 751 9th Cir. 2000 citing *Salinas v.*

*United States,* 522 U.S. 52, 65 1997. However, the conspirators must have been "aware of the essential nature and scope of the enterprise and intended to participate in it." *Id.* citing *Baumer v. Pachl,* 8 F.3d 1341, 1346 9th Cir. 1993. The "agreement need not be express as long as its existence can be inferred from words, actions, or interdependence of activities and persons involved." *Oki Semiconductor Co.*, 298 F.3d at 775. If a RICO conspiracy is demonstrated, "[a]ll conspirators are liable for the acts of their co-conspirators." *Id.*

Pursuant to 18 U.S. Code § 1961(4), the enterprise that is subject of this action consists in a "group of individuals associated in fact although not a legal entity," namely a conspiratorial dyad (i.e. a group of two people) consisting in the Instant Defendants.

Said enterprise, by means of extortion, have been engaging in the pattern and practice of utilizing court action to serve as menaces, consisting in the wrongful use of force or fear, in order to illegally coerce the Instant Plaintiffs – who are, and have been, defendants in sequential unlawful detainer actions in which the Instant Defendants have been or are the impostor plaintiffs – to pay the Instant Defendants rent and/or grant the Instant Defendants possession of the pertinent rental unit (hereinafter referred to as the "Subject Property") even though, as the Instant Defendants are not the true trustees in reference to the sole titleholder of the Subject Property; namely "The Evaristo Family Trust, Dated May 4, 2016."

*__Racketeering Activity__*

As shall be fully elucidated henceforth, the Instant Defendants, in conspiracy with each other, have been engaging in aforesaid ongoing, continuous pattern and practice of racketeering, as defined in 18 U.S. Code § 1961(5).

Said racketeering activity started upon the filing, by the Instant Defendants, of the Original Complaint, in the Instant Defendants' first unlawful detainer action against the Instant Plaintiffs, on June 6, 2023, in the Superior Court Of Los Angeles County (case number 23STUD07753); moreover, said racketeering activity continues in the present and and threatens to proceed for months, or even years, into the future. Said racketeering specifically consists in Extortion (18 USC § 1961(1)(A)) and Mail Fraud (i.e. 18 U.S. Code § 1341).

## 18 USC § 1961(1)(A) – EXTORTION

**18 USC § 1961(1)(A) states that "racketeering" activity may be constituted by:**

"any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, **extortion**, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), **which is chargeable under State law and punishable by imprisonment for more than one year**" [Emphasis Added]

Furthermore, under California Penal Code §§ 518 and 519, define the crime of extortion as pursuant to California law. California Penal Code §§ 518 and 519 state as follows:

**"518.  <u>Extortion is the obtaining of property from another, with his</u>
<u>consent</u>,** or the obtaining of an official act of a public officer,
**<u>induced by a wrongful use of force or fear,</u>** or under color of
official right.

**519.  <u>Fear, such as will constitute extortion, may be induced by a</u>
<u>threat</u>...**

**... <u>To do an unlawful injury to the person or property of the</u>
<u>individual threatened or of a third person;</u> ...**

Aforesaid "enterprise," consisting in the Instant Defendants' committing of

extortion against the Plaintiffs by fraudulently misrepresenting their true identities

and, pretending to be the only proper plaintiff parties in said unlawful detainer

actions, utilizing said misrepresentation as the basis upon which to sue the Instant

Plaintiffs in two sequential unlawful detainer actions in the Superior Court Of The

County Of Los Angeles – case numbers 23STUD07753 and 24STCV10207 – in order

to coerce the instant Plaintiffs give them rents for, and possession of, the Subject

Property.

Said Subject Property is legally owned by "The Evaristo Family Trust, Dated May

4, 2016," as indicated in the respective Deed. Thus, the only legal proper party in

interest, in aforesaid unlawful detainer actions, are the trustees of said trust:

**"Where the right sued upon relates to trust property, the trustee is the real
party in interest with standing to prosecute an action.** (*King v. Johnston*
(2009) 178 Cal.App.4th 1488, 1500; *Saks v. Damon Raike & Co.* (1992) 7
Cal.App.4th 419, 427 (*Saks*).) " *Gonzalez v. Michelucci-Hardrick*, No. D053582,
at *1 (Cal. Ct. App. Jan. 13, 2010) [Emphasis Added]

Like a very greased pig in a bad college prank, the slippery Instant Defendants have, without deviation, repeatedly and fervently insisted on refusing to provide any proof that they are the true trustees of The Evaristo Family Trust, Dated May 4, 2016.

As indicated in the attached chart (Exhibit A), entitled "Evidence Of Evasion Of Identity In Four (4) Actions," the Instant Defendants, in four different court actions in which they have been involved with the Instant Plaintiffs, have, inter alia, refused to honor several *Notices Of Deposition* as well as *Subpoenas* to appear in court, and refused to answer several sets of *Interrogatories* and *Requests For Production* that have sought identifying information and requests for copies of **Government-Issued Photo I.D.'s** and the **Trust Agreement** for The Evaristo Family Trust, Dated May 4, 2016.

The Instant Defendants egregiously evasive behavior finds its acme, on October 9, 2024, in one of the two sequential unlawful detainer cases (namely 24STCV10207), in response to Bru Muller's *Requests for Production* and *Interrogatories* to Joseph Evaristo, Trustee, and Catherine Evaristo, Trustee, Instant Defendants' attorneys Edrin Shamtob and Eva Kobi made the bizarre claim that "there is no such party as Joseph Evaristo, Trustee, and no such party as Catherine Evaristo, Trustee" in said unlawful detainer action, even though, as explained heretofore, the trustees, of aforesaid trust, are the only parties that

legally have standing to civilly prosecute any unlawful detainer action in reference

to the Subject Property:

**Joseph Evaristo:**

**"Such interrogatory is seeking responses from "JOSEPH EVARISTO AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016" and that is a party that does not exist in this matter.** The Plaintiff is JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 and Responding Party cannot intelligently respond to the interrogatory as written."

**Catherine Evaristo:**

**"Such interrogatory is seeking responses from "CATHERINE EVARISTO AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016" and that is a party that does not exist in this matter.** The Plaintiff is JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 and Responding Party cannot intelligently respond to the interrogatory as written."

Whereas the evidence that supports this "Impostor Theory" is circumstantial,

nevertheless, the abundance of the circumstantial evidence as indicated in the

attached Exhibit entitled "Evidence Of Evasion Of Identity In Four (4) Actions" is

so overwhelming, that – especially given the Instant Defendants incorrigible

refusal to provide any proof of their true identities or to support their averment

that they are trustees of The Evaristo Family Trust, Dated May 4, 2016 (e.g. the

Trust Agreement) – a reasonable person would be virtually compelled to find that,

on a balance of the probabilities, it is more likely than not that the Instant

Defendants are indeed impostors in the four actions (including the two sequential

unlawful detainer cases), as indicated in said exhibit entitled "Evidence Of

Evasion Of Identity In Four (4) Actions."

   With such a preponderance of circumstantial evidence in support of the fact

that the Instant Defendants are indeed imposters who have been litigating against

the Instant Plaintiffs without standing to do so, and, without legal right, harming

the Instant Defendants in this way, a jury should be allowed to weigh said

circumstantial evidence in order to decide whether the Instant Plaintiffs have met

their burden to prove on a balance of the probabilities, it is more likely than not

that the Instant Defendants should be deemed to be culpable for said impostor-ism.

Moreover, as a matter of law, circumstantial evidence should be treated in like

manner as direct evidence:

> "**The Court stated that 'the reason for treating circumstantial and direct evidence alike is both clear and deep-rooted: 'Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence.' '** *Id.* (quoting *Rogers v. Missouri Pacific R. Co.*,352 U.S. 500, 508 n. 17, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957))." [*Id* is *Desert Palace, Inc. v. Costa,* 539 U.S. 90 (2003)]" *Stegall v. Citadel Broadcasting Co.*, 350 F.3d 1061, 1066-67 (9th Cir. 2003)

***Predicate Acts***

In order for RICO to apply to this case, it is incumbent on the Instant Plaintiff to prove that the Instant Defendants, in aforesaid unlawful detainer actions engaged in at least two predicate criminal acts, the types of which are described in 18 USC § 1961(1)(B).

The one type, of said predicate criminal acts, that best describes the Instant Defendants' conspiratorial activity as is relevant to this instant action, is Mail Fraud (i.e. 18 U.S. Code § 1341).

**U.S. Code § 1341 (Mail Fraud) states:**

"**Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations,** or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, **for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier,** or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, **shall be fined under this title or imprisoned not more than 20 years, or both.** If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or

imprisoned not more than 30 years, or both." [Emphasis Added]

Indeed, in reference to evidentiary matters 3, 4, 5, 6, 7, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 23, 24, and 25,  in aforesaid "Evidence Of Evasion Of Identity In Four (4) Actions," the Instant Defendants utilized the United States Postal Service and Federal Express to send fraudulent documents to the Instant Plaintiffs.

Moreover, each said mailed or couriered document(s) was fraudulent insofar as said document(s) engage in the fraudulent misrepresentation that the impostors are, in fact, the true trustees of The Evaristo Family Trust, Dated May 4, 2016.  In this way, each mailed or couriered document is an artifice of fraud.

### *Interstate or Foreign Commerce*

The "interstate commerce requirement," as contained in 18 U.S.C. § 1962(c),  is satisfied if either the activity of the enterprise or the predicate acts of racketeering affect interstate commerce. At law, the use of the United States Postal Service, or of any private, nationwide courier service, necessarily satisfies the requirement of "affecting interstate commerce" simply because said nationwide postal and delivery companies constitute interstate entities. For this reason, it is not necessary that any predicate acts, consisting in use of the services of said companies, consist in mailing or delivery to other states in order to be relevant to the respective the RICO claim. In fact, said "affecting interstate commerce" requirement is satisfied even if the

predicate acts consisted on intrastate mailings or deliveries:

> **"For example, under 18 U.S.C. § 1341, the federal mail fraud statute, it is a federal offense to utilize the United States' mail system to perpetrate fraudulent schemes. Under this statute, the use of the United States' mail system, regardless of whether the mail travels interstate, is a crime.** This statute has been held to be constitutional. See *Parr v. U.S.,* 363 U.S. 370, 80 S.Ct. 1171, 4 L.Ed.2d 1277 (1960); *U.S. v. States,* 488 F.2d 761 (8th Cir.), cert. denied, 417 U.S. 909, 950, 94 S.Ct. 2605, 3078, 41 L.Ed.2d 212, 671 (1973)" *U.S. v. Schroeder,* 912 F. Supp. 1240, 1245 (D. Ariz. 1995) [Emphasis Added]

> **"Unlike the federal wire fraud statute, mail fraud under 18 U.S.C. § 1341 does not require proof of an interstate communications. All that is required is that the communication is sent or delivered by the U.S. Postal Service or by any private or commercial interstate mail carrier.** " Saniefar v. Moore, 1:17-cv-00823-LJO-BAM, at *18 n.5 (E.D. Cal. Dec. 1, 2017) [Emphasis Added]

## IV.
## EXPANDED FACTUAL BACKGROUND

1. On October 23, 2014, Plaintiffs Bru Muller and Aina Dumlao entered into a rental agreement with Cahuenga Pass Development, in regards to a unit at 3450 W. Cahuenga Blvd., Unit 510, Los Angeles, California 90068.

2. Plaintiffs rented said unit from October 23, 2014 to early October 2022, without incident.

3. On or about October 8, 2022, Plaintiffs became aware from a person named "Joe Evaristo," that a new party named the "Evaristo Family Trust," purportedly owned Unit 510, the unit that Plaintiffs were renting.

4. This new purported ownership of the property occurred during the COVID-19 epidemic, and pursuant to the County of Los Angeles and the City of Los Angeles, renter protections were in place, so that renters experiencing financial hardship due to COVID-19 could pay their rent due, at a later date.11. On June 26, 2023, an *Unlawful Detainer Complaint* in the Superior Court of California, County of Los Angeles, Case number 23STUD07753, was filed by, "Joe Evaristo," against Aina Dumlao and Bru Muller. Joe Evaristo was the only Plaintiff listed in the *Original Complaint.*

5. The *Original Complaint* was required to be verified, under penalty of perjury, by the Plaintiff, Joe Evaristo. Joe Evaristo was required to sign his name *in handwriting* on the verification, but this did not happen. Instead, Joe Evaristo's attorney, Edrin Shamtob, conspicuously applied a generic "e-signature" for Joe Evaristo – not Joe Evaristo's real signature.

6. On March 1, 2024, a "*Notice of Deposition*" was served upon Joe Evaristo, via his attorney, Edrin Shamtob. Joe Evaristo was asked to appear at a deposition in-person, and provide photo identification.

7. On Sunday, March 3, 2024, three days after Joe Evaristo was served the *Notice of Deposition,* his attorney, Edrin Shamtob conspicuously and frantically e-served parties to the case (multiple times in one day) with a *"Request for Dismissal"* of Joe Evaristo's first *Unlawful Detainer Complaint*.

8. On Monday, March 4, 2024, Joe Evaristo's first *Unlawful Detainer Complaint* was dismissed by the Clerk of the Court.

9. There was no explanation, in reference to said *Notice of Dismissal*, as to why this dismissal was requested. Conspicuously, the dismissal caused the deposition of Joe Evaristo to be canceled, so that Joe Evaristo was no longer required to appear in-person with his photo identification.

10. On April 23, 2024, a *Complaint for Unlawful Detainer* was filed in the Superior Court of California, County of Los Angeles, case number 24STCV10207, by new plaintiffs: "Joseph Evaristo And Catherine Evaristo as Trustees of The Evaristo Family Trust Dated May 4, 2016."

11. Said new *Complaint* was filed by attorney Bijan Shakibkoo, who works at the same law firm as Edrin Shamtob; said firm being the SNS Law Group, LLP. In said

new *Complaint,* the plaintiff conspicuously changed his legal name to "Joseph Evaristo."

12. Said new *Complaint* was required to be verified under penalty of perjury, and *hand- signed* by the Plaintiff trustees on behalf of the trust. Joseph Evaristo and Catherine Evaristo, as alleged trustees of the Evaristo Family Trust, each purportedly signed their names. However, as will be explained later, these two signatures do not match any other prior or subsequent signatures for these two Instant Defendants.

13. Earlier in 2024 (March 22, 2024), in the Superior Court, County of Los Angeles, Bru Muller and Aina Dumlao filed a "*Verified Complaint for Breach of Rental/Lease Contract,"* against Joe Evaristo, Joseph Evaristo, Catherine Evaristo, and the Evaristo Family Trust Dated May 4, 2016 (case number 24STCV07207). On June 27, 2024, the Evaristos filed an Answer to the aforesaid Complaint. The Answer was required to be verified, but was not:

> " ' **Where a complaint is verified, as it was here, the answer also must be verified...'** (21 Cal.Jur. 237). (*Hearst v. Hart*, (1900) 128 Cal. 327 [ 60 P. 846]; *H.G. Bittleston Law etc. Agency v. Howard*, (1916) 172 Cal. 357, 362 [156 P. 515])" *French v. Smith Booth Usher Co.,* 56 Cal.App.2d 23, 29 (Cal. Ct. App. 1942) [Emphasis Added]

14. The non-verified Answer was filed by attorneys Devin De Loa and Robert Hufnagel, of Resnick and Louis, P.C.. Even though the Answer was required to be

verified under penalty of perjury, and hand-signed by Joe Evaristo, Joseph Evaristo,
and Catherine Evaristo, nevertheless, it was, conspicuously, instead signed by their
attorneys.

15. On September 26, 2024, an improper *"Verified Amended Answer"* was filed by
attorneys Devin De Loa and Robert Hufnagel, of Resnick and Louis, P.C., on behalf
of the Evaristos. The *Verified Amended Answer* was not verified by any of the
defendants. It was instead verified by attorney Devin De Loa, with no explanation, as
required by California Code of Civil Procedure § 446(a), which states, in part:

> "When the pleading is verified by the attorney, or any other person except one of
> the parties, he or she shall set forth in the affidavit the reasons why it is not made
> by one of the parties."

16. Attorneys Robert Hufnagel and Devin De Loa provided no required affidavit, and
no reason whatsoever why Joe Evaristo, Joseph Evaristo, and Catherine Evaristo
could not sign the Verified Answer.

17. On October 9, 2024, in the aforesaid Unlawful Detainer case, in response to Bru
Muller's Requests for Production and Interrogatories to Joseph Evaristo, Trustee, and
Catherine Evaristo, Trustee, attorneys Edrin Shamtob and Eva Kobi made the bizarre

claim that there is, in said action, no such party as Joseph Evaristo, Trustee, and no

such party as Catherine Evaristo, Trustee:

**Joseph Evaristo:**
**"Such interrogatory is seeking responses from "JOSEPH EVARISTO AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016" and that is a party that does not exist in this matter.** The Plaintiff is JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 and Responding Party cannot intelligently respond to the interrogatory as written."

**Catherine Evaristo:**
**"Such interrogatory is seeking responses from "CATHERINE EVARISTO AS TRUSTEE OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016" and that is a party that does not exist in this matter.** The Plaintiff is JOSEPH EVARISTO AND CATHERINE EVARISTO, AS TRUSTEES OF THE EVARISTO FAMILY TRUST DATED MAY 4, 2016 and Responding Party cannot intelligently respond to the interrogatory as written."

18. Since a trust is not a natural person, the trustee(s) must represent the trust and are

the only parties who can. Since a trust can't answer any questions or produce

documents, by claiming that the "Evaristos As Trustees" don't exist in this case, the

Evaristos avoided answering any questions, and avoided producing any documents

which would have allowed the Instant Defendants to prove their true identities and

prove any ownership in the subject property.

19. Furthermore, these evasive responses from Joseph Evaristo and Catherine Evaristo to Bru Muller's *Requests for Production* and *Interrogatories t*o them, were not signed by either Joseph Evaristo or Catherine Evaristo. Instead, attorneys Edrin Shamtob and Eva Kobi signed on behalf of the Evaristos, and responded only with objections. California Code of Civil Procedure § 2030.250 requires that, "The party to whom the interrogatories are directed shall sign the response under oath <u>unless the response contains only objections</u>. [Emphasis Added]

20. Suddenly, on October 14, 2024, the Evaristos, as individuals, suspiciously did exist, and were movants in a Bankruptcy Court matter. Bru Muller filed for Chapter 13 bankruptcy in the United States Bankruptcy Court, Central District, case number 2:24-bk-18194-WB. A, "*Motion for Relief from the Automatic Stay,"* was filed by attorneys Matthew Resnik and David Kritzer, of RHM Law LLP, on behalf of Joseph Evaristo and Catherine Evaristo.

21. The aforesaid Motion stated that Matthew Resnik and David Kritzer were representing "Joseph Evaristo" and "Catherine Evaristo." The PACER system, under "Parties" listed Matthew Resnik and his law firm, RHM Law LLP, as representing "Joseph Evaristo" and "Catherine Evaristo," <u>as individuals</u>.

22. The aforesaid *Motion For Relief From The Automatic Stay* conspicuously failed to provide the required proof of ownership for Unit 510 at 3450 W. Cahuenga Boulevard, Los Angeles in order to establish the movant's standing. A *Motion For Relief From The Automatic Stay* must include actual proof that the movant(s) own the property that that is the subject of the motion. This proof of ownership must be attached to the *Motion.* No such proof was attached.

23. The aforesaid *Motion* contained a *Declaration* under penalty of perjury from "Joseph Evaristo, As Trustee" who stated that he is indeed one of the two movants. He is the same party whom his attorneys, in aforesaid Superior Court Case, claimed does not exist. The aforesaid *Declaration* of Joseph Evaristo stated, under penalty of perjury: *"I am one of the Movants and a Trustee of The Evaristo Family Trust dated May 4, 2016 which owns the property."*

24. In the aforesaid Motion, the Declaration of Joseph Evaristo contains a signature, under penalty of perjury, that is completely different from his alleged signature in the Unlawful Detainer Complaint, Superior Court of California, County of Los Angeles, Case # 24STCV10207, filed on April 23, 2024.

25. In what would be the FIRST of THREE separate instances, David Kritzer, the

attorney for the Evaristos in the Bankruptcy Court, in a completely bizarre and

fraudulent manner, claimed he and his law office were not representing the Evaristos,

when in fact he was, and his law office was.

26. On October 24, 2024, Bru Muller hired a California registered process server,

who went in-person to the law office of David Kritzer and Matthew Resnik, in

Encino, California. Said process server attempted to serve Subpoenas (issued by Bru

Muller's attorney) upon Joseph Evaristo, and Catherine Evaristo, in the case that

David Kritzer and his office were representing the Evaristos in (i.e. *Motion From

Relief From The Automatic Stay*). The process server was told point blank by Mr.

Kritzer, in this FIRST INSTANCE that neither Mr. Kritzer, nor his law office would

accept documents for the Evaristos, and that his office did not represent the Evaristos.

The process server was confused by this outright lie, and did not leave the documents.

27. On October 28, 2024, the same California registered process server again tried to

serve *Subpoenas* (issued by Bru Muller's attorney) in the case that David Kritzer and

his office were representing the Evaristos in. The process server was again told in this

SECOND INSTANCE by Mr. Kritzer, that Mr. Kritzer would not accept documents

for the Evaristos, and that his office did not represent them. The process server left

the Subpoena's with Mr. Kritzer, regardless.

28. On October 29, 2024, attorney David Kritzer and Matthew Resnik filed a *Reply* on behalf of the Evaristos in the Bankruptcy Court, regarding the *Motion For Relief from the Automatic Stay,* despite one day earlier, claiming that they didn't represent the Evaristos.

29. The Evaristos, who were both Subpoenaed and were required to appear in-person at the  November 5, 2024 Hearing, along with documents and identification, failed to do so. The Subpoenas were issued by a licensed California attorney representing Bru Muller. Furthermore, neither of the Evaristos filed a Motion To Quash the Subpoenas. The Subpoenas therefore, were valid.

30. The hearing on the Motion for Relief from the Automatic Stay was continued, and Bru Muller had two new *Subpoenas* issued by his attorney for the next court hearing. Bru Muller hired a California registered process server, who went in-person to the law office of David Kritzer and  Matthew Resnik, in Encino, California. Said process server tried to serve Subpoenas (issued by Bru Muller's attorney) upon Joseph Evaristo, and Catherine Evaristo. The process server was told by Mr. Kritzer in a THIRD INSTANCE that Mr. Kritzer would not accept documents for the Evaristos, and that his office did not represent them. The process server left the documents nonetheless.

31. The Evaristos, who were both Subpoenaed and were required to appear in-person at a November 19, 2024 hearing, along with documents and identification, failed to do so. The Subpoenas were issued by a licensed California attorney representing Bru Muller. Furthermore, neither of the Evaristos filed a Motion To Quash the Subpoenas. The Subpoenas therefore, were valid.

32. Plaintiffs obtained an FBI Report from a private investigator, Said report discovered that Joseph Evaristo has 11 aliases. According to the same aforesaid FBI Report, Joseph Evaristo has two (2) Social Security Numbers. Also, one of Joseph Evaristo's Social Security Numbers belongs to a DEAD MAN.

# VI.
## COUNTS UNDER RICO § 1962(c)

1. The allegations of all paragraphs heretofore are incorporated herein by reference. All count herein are against the Instant Defendants.

2. The Instant Defendants have constituted, and still do constitute, a conspiratorial group (i.e. a dyad) operating as an enterprise engaged in a pattern and practice of racketeering activity consisting in using the mails to engage in fraudulent misrepresentations, contrary to U.S. Code § 1341 (Mail Fraud), and, by virtue thereof, affect interstate commerce as defined in said Code and the binding case law.

3. The Instant Defendants acts of mailing or sending by Federal Express, a

nationwide courier, as indicated in evidentiary facts as discussed in matters 3, 4, 5, 6,

7, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 23, 6, and 25, in aforesaid "Evidence

Of Evasion Of Identity In Four (4) Actions," constitute a pattern of racketeering

activity as defined in 18 U.S.C. § 1961(5).

4. The Instant Defendants have directly and indirectly conducted and participated in

the conduct of aforesaid enterprise's affairs through the pattern and practice of

racketeering activity, as described heretofore, in violation of 18 U.S.C. § 1962(c).

5. As a direct and proximate result of the counts, in the Instant Defendants'

racketeering activities and violations of 18 U.S.C. § 1962(c), the Instant Plaintiffs

have been injured in their persons and property in that the they have been made to

incur attorney fees, costs of litigation, and emotional distress.

## VII.
## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs request that this Court enter judgment against the Instant

Defendant(s) such that the Plaintiffs are awarded relief that includes:

A. Compensatory Damages, both Economic and Non-Economic of $440,000;

B. Exemplary Damages;

C. Threefold Damages, plus Costs and Attorney Fees, pursuant to 18 U.S.C. § 1964(c);

D. And further relief is granted to the Plaintiffs as this Honorable Court shall deem to be appropriate and just.

Dated: January 31, 2025

Respectfully Submitted,

Aina Dumlao, Plaintiff

Respectfully Submitted,

Bru Muller, Plaintiff

**JURY DEMAND**

The Plaintiff asserts her right to trial by jury, and makes this demand for jury trial.

Respectfully Submitted this 31st Day of January, 2025

Aina Dumlao, Plaintiff

Respectfully Submitted this 31st Day of January, 2025

_____

Bru Muller, Plaintiff

## VERIFICATION BY CERTIFICATION

Under penalties of perjury, as provided by law, I certify that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and, as to such matters, the undersigned certifies as aforesaid that I verily believe the same to be true.

Respectfully Submitted this 31st Day of January, 2025

_____

Aina Dumlao, Plaintiff

Respectfully Submitted this 31st Day of January, 2025

_____

Bru Muller, Plaintiff

# EXHIBIT A

## EVIDENCE OF EVASION OF IDENTITY IN FOUR (4) COURT ACTIONS

| | DATE | COURT & TYPE | CASE NUMBER | CASE TITLE | INDICIAE OF INTENT TO CONCEAL IDENTITY |
|---|---|---|---|---|---|
| 1. | 10/08/22 | N/A | N/A | N/A | No prospective buyer of Unit 510, 3450 W. Cahuenga, Los Angeles, ever walked through the unit before purchasing it. |
| 2. | 10/08/22 | N/A | N/A | N/A | No one named "Evaristo" ever identified themselves in-person, to the Plaintiffs at or around the time of the purported purchase. |
| 3. | 06/06/23 | Los Angeles Superior Court Unlawful Detainer | 23STUD07753 | Joe Evaristo v. Aina Dumlao, et al. | Under penalty of perjury, in a Complaint, "Joe Evaristo" uses an electronic signature, instead of a required *hand-signed* signature. |
| 4. | 03/23/24 | Los Angeles Superior Court Unlawful Detainer | 23STUD07753 | Joe Evaristo v. Aina Dumlao, et al. | Joe Evaristo was asked to appear at a deposition in-person, and provide photo identification. On Sunday, March 3, 2024, three days after Joe Evaristo was served the Notice of Deposition, his attorney frantically e-served parties to the case (multiple times in one day, on a Sunday) with a "Request for Dismissal" of Joe Evaristo's Unlawful Detainer Complaint. Said Complaint was dismissed. |

| # | Date | Court | Case Number | Case Name | Description |
|---|------|-------|-------------|-----------|-------------|
| 5. | 04/23/24 | Los Angeles Superior Court Unlawful Detainer | 24STCV10207 | Joseph Evaristo And Catherine Evaristo As Trustees of The Evaristo Family Trust, Dated May 4, 2016 v. Aina Dumlao, et al. | Joe Evaristo suddenly changed his legal name on court documents to "Joseph Evaristo," and an Unlawful Detainer Complaint against Aina Dumlao and Bru Muller was filed with the Plaintiff as: Joseph Evaristo And Catherine Evaristo As Trustees of The Evaristo Family Trust, Dated May 4, 2016 |
| 6. | 04/23/24 | Los Angeles Superior Court Unlawful Detainer | 24STCV10207 | Joseph Evaristo And Catherine Evaristo As Trustees of The Evaristo Family Trust, Dated May 4, 2016 v. Aina Dumlao, et al. | The Complaint in #5 above, was required to be verified under penalty of perjury, and *hand- signed* by the Plaintiff trustees on behalf of the trust, Joseph Evaristo as trustee of the Evaristo Family Trust, and Catherine Evaristo, as trustee of the Evaristo Family Trust, each purportedly signed their names. However, these two signatures do not match any other alleged subsequent signatures for these two people. |
| 7. | 06/27/24 | Los Angeles Superior Court Civil Case Civil Case filed by Bru Muller and Aina Dumlao | 24STCV07207 | Bru Muller, et al. v. Joe Evaristo, et al. | The Evaristos filed an Answer to a Complaint filed by Muller and Dumlao. The Answer was required to be verified under penalty of perjury, and *hand-signed* by Joe Evaristo, Joseph Evaristo and Catherine Evaristo. It was instead signed by their attorneys. This suspiciously allowed not only Catherine Evaristo to avoid signing, but it allowed both Joe Evaristo and Joseph Evaristo NOT to individually sign their names. |
| 8. | 06/27/24 | Los Angeles Superior Court Civil Case filed by Bru Muller and Aina Dumlao | 24STCV07207 | Bru Muller, et al. v. Joe Evaristo, et al. | Answer in # 7 above, had no explanatory Affidavit as required by California Code of Civil Procedure § 446(a), as to why Joe Evaristo, Joseph Evaristo, and Catherine Evaristo could not personally sign the Answer. |

| | | | | |
|---|---|---|---|---|
| 9. | 10/09/24 | Los Angeles Superior Court Unlawful Detainer | 24STCV10207 | Joseph Evaristo And Catherine Evaristo As Trustees of The Evaristo Family Trust, Dated May 4, 2016 v. Aina Dumlao, et al. | In response to Bru Muller's Requests for Production and Interrogatories to Joseph Evaristo, Trustee, and Catherine Evaristo, Trustee, the Evaristos made the bizarre claim that there is no such party as Joseph Evaristo, Trustee, and no such party as Catherine Evaristo, Trustee. |
| 10. | 10/09/24 | Los Angeles Superior Court Unlawful Detainer | 24STCV10207 | Joseph Evaristo And Catherine Evaristo As Trustees of The Evaristo Family Trust, Dated May 4, 2016 v. Aina Dumlao, et al. | By claiming that the Evaristos don't exist, the Evaristos avoided answering any questions, and producing any documents, which would prove their identities and ownership in the subject property on Cahuenga Blvd. |
| 11. | 10/09/24 | Los Angeles Superior Court Unlawful Detainer | 24STCV10207 | Joseph Evaristo And Catherine Evaristo As Trustees of The Evaristo Family Trust, Dated May 4, 2016 v. Aina Dumlao, et al. | By responding only with objections, this evasiveness in # 9 above, allowed the Evaristos to avoid *hand-signing* their responses, and as per code, their attorneys were allowed to sign instead. |

| 12. | 10/14/24 | U.S. Bankruptcy Court California, Central District | 2:24-bk-18194-WB | RE: Bru Muller, Debtor | Suddenly, the Evaristos, as individuals, suspiciously did exist, and were movants in a Bankruptcy Court matter. Bru Muller filed a bankruptcy, and a "Motion for Relief from the Automatic Stay," was filed by new attorneys on behalf of Joseph Evaristo and Catherine Evaristo, as individuals. |
| 13. | 10/14/24 | U.S. Bankruptcy Court California, Central District | 2:24-bk-18194-WB | RE: Bru Muller, Debtor | The Motion in #12 above, suspiciously failed to provide the required proof of ownership for Unit 510 at 3450 W. Cahuenga Boulevard, Los Angeles. A Motion For Relief From The Automatic Stay must include actual proof that the movants own the property that that is the subject of the motion. This proof of ownership must be attached to the Motion. No such proof was attached. |
| 14. | 10/14/24 | U.S. Bankruptcy Court California, Central District | 2:24-bk-18194-WB | RE: Bru Muller, Debtor | The Motion in #12 above, contained a Declaration by Joseph Evaristo. Declaration contains a signature, under penalty of perjury, that is completely different from his alleged signature on the Unlawful Detainer Complaint, Superior Court of California, County of Los Angeles, Case # 24STCV10207, filed on April 23, 2024. |
| 15. | 10/24/24 | U.S. Bankruptcy Court California, Central District | 2:24-bk-18194-WB | RE: Bru Muller, Debtor | Subpoenas for Joseph and Catherine Evaristo to appear in court with their identification and trust documents were evaded by their attorney, with the attorney refusing service for the FIRST time, claiming he didn't represent these parties, when in fact he was their attorney of record. |

| 16. | 10/28/24 | U.S. Bankruptcy Court California, Central District | 2:24-bk-18194-WB | RE: Bru Muller, Debtor | Subpoenas for Joseph and Catherine Evaristo to appear in court with their identification, were evaded by their attorney, with attorney refusing service for the SECOND time, claiming he didn't represent these parties, when in fact he was their attorney of record. Process server served Subpoenas regardless. |
| 17. | 10/29/24 | U.S. Bankruptcy Court California, Central District | 2:24-bk-18194-WB | RE: Bru Muller, Debtor | Attorney filed a Reply on behalf of the Evaristos in the Bankruptcy Court, regarding their Motion For Relief from the Automatic Stay, despite one day earlier, claiming that he didn't represent the Evaristos. |
| 18. | 10/29/24 | U.S. Bankruptcy Court California, Central District | 2:24-bk-18194-WB | RE: Bru Muller, Debtor | The Reply in # 17 above, contained exhibits of the alleged California Driver Licenses for Joseph Evaristo and Catherine Evaristo. The identification had the addresses of both parties redacted, so that the parties cannot be served, located, or properly identified. |
| 19. | 10/29/24 | U.S. Bankruptcy Court California, Central District | 2:24-bk-18194-WB | RE: Bru Muller, Debtor | The exhibits in # 18 above: Signatures of both Joseph Evaristo and Catherine Evaristo on their California Driver Licenses, do not match their initial signatures, under penalty of perjury, on the April 23, 2024 Complaint for Unlawful Detainer, filed in the California Superior Court, County of Los Angeles, case number 24STCV10207. |
| 20. | 10/29/24 | U.S. Bankruptcy Court California, Central District | 2:24-bk-18194-WB | RE: Bru Muller, Debtor | The exhibit in #18 above, a "Trust Agreement" for the Evaristo Family Trust, Dated May 4, 2016, was partially redacted. Said partial redaction renders said document such that it fails to unequivocally establish the standing of the Evaristos in the Unlawful Detainer Case, or their ownership in the subject property unit. |

| 21. | 10/29/24 | U.S. Bankruptcy Court California, Central District | 2:24-bk-18194-WB | RE: Bru Muller, Debtor | The Reply in #17 above, contained a Declaration by Joseph Evaristo, under penalty of perjury, with a signature that does not match his initial signature, also under penalty of perjury, on the April 23, 2024 Complaint for Unlawful Detainer, filed in the California Superior Court, County of Los Angeles, case number 24STCV10207. |
|---|---|---|---|---|---|
| 22. | 11/05/24 | U.S. Bankruptcy Court California, Central District | 2:24-bk-18194-WB | RE: Bru Muller, Debtor | Attorney who claimed he did not represent the Evaristos, appeared in court for the Evaristos. |
| 23. | 11/05/24 | U.S. Bankruptcy Court California, Central District | 2:24-bk-18194-WB | RE: Bru Muller, Debtor | The Evaristos, who were both Subpoenaed and were required to appear in-person at a first hearing, along with identification and documents, failed to do so. |
| 24. | 11/07/24 | U.S. Bankruptcy Court California, Central District | 2:24-bk-18194-WB | RE: Bru Muller, Debtor | Subpoenas for Joseph and Catherine Evaristo to appear in court with their identification, were evaded by their attorney, with attorney refusing service for the THIRD time, claiming he didn't represent these parties, when in fact he was their attorney of record. Process Server served the documents regardless. |
| 25. | 11/19/24 | U.S. Bankruptcy Court California, Central District | 2:24-bk-18194-WB | RE: Bru Muller, Debtor | The Evaristos, who were both Subpoenaed and were required to appear in-person at a second hearing, along with identification and documents, failed to do so. |
| 26. | 01/24/25 | Private Investigator Report | Private Investigator Report | Private Investigator Report | Plaintiffs obtained a report from a private investigator, for the Joseph Evaristo that holds the California Driver License that he presented in a court document. Said report states that Joseph Evaristo has 11 aliases. |

| 27. | 01/24/25 | Private Investigator Report | Private Investigator Report | Private Investigator Report | According to the same aforesaid report in #26 above, Joseph Evaristo has two (2) Social Security Numbers. One of Joseph Evaristo's Social Security Numbers belongs to a deceased person. |
|-----|----------|-----------------------------|-----------------------------|-----------------------------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|